**A. C. Badger Advertising Company, Defendant in Error, v. United States Music Company, Plaintiff in Error.**

**Gen. No. 18,103.**

1. CONTRACTS—*consideration.* An agreement to cancel a contract upon the payment in the future of an amount already due, is without consideration.

2. APPEALS AND ERRORS—*when proper to direct a verdict.* In an action for the amount due on a contract, where the evidence produced would not warrant the jury in finding the contract was canceled as claimed by defendant, it is proper to direct a verdict for plaintiff.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 9, 1913.

ADAMS, BOBB & ADAMS, for plaintiff in error; G. L. WIRE, of counsel.

JARRELL & MCNEIL, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Plaintiff below, defendant in error here, had judgment in the trial court on a directed verdict against the defendant below, plaintiff in error here, for $112.-50, for an amount due on a certain advertising contract.

The main controversy on the trial relates to the question whether the contract was abrogated in December, 1910, by an agreement of the parties. The testimony offered by the defendant bearing upon this issue was that of Friestedt who testified to an interview with A. C. Badger, representing the plaintiff company, on December 19, 1910, in which Badger asked for a payment of the October account under the contract, which was delinquent. The witness stated that he told Badger that he would give him a check for the account, but before giving him a check, he wanted to know what the situation was with regard to the space on the American Music Hall curtain; that he wanted to terminate and cancel the agreement; that Badger said he would make out a bill to December 24th, which was in advance, and, upon receipt of the check for that amount, would cancel the contract, and that the witness agreed to that arrangement. The testimony of the witness is denied by Badger. The evidence shows that the plaintiff rendered a statement dated December 20, 1910, and there was offered in evidence a check of the defendant dated December 31, which the witness says was sent in payment of the invoice. It appears from the endorsements on the check that it was paid on January 6, 1911. There is no controversy in the evidence but that the amount was due in advance

according to the contract on the first day of December. It was not therefore an advance payment.

There is also evidence showing correspondence between the parties relating to the desire of the defendant to cancel the contract, and the evidence shows that a telephone conversation was had between the parties subsequent to the delivery of the check.

Upon a review of all the evidence bearing upon the question of the cancellation of the contract, we are of the opinion that there was no agreement shown by which the contract was canceled. The agreement testified to by Friestedt for the cancellation of the agreement in the future upon the payment of $50 before a certain date was of no legal effect for the reason that there was no consideration for the cancellation of the agreement in the future. The money promised to be paid was already due and owing. There is no question but that the parties had the right by mutual agreement to terminate the existing executory contract between them. But this was not done. The alleged agreement was to pay a sum of money in the future, which was already due, on the one hand and to cancel the contract on the other; but this agreement was not performed.

The jury would not have been warranted in finding that the contract was canceled at any time upon the evidence produced. The court, therefore, did not err in directing a verdict for the plaintiff. *Offutt v. World's Columbian Exposition*, 175 Ill. 472.

The judgment is supported by the evidence and is affirmed.

*Affirmed.*